EDWARD D. AGOSTINI et al., Doing Business under the Name of AGOSTINI BROTHERS, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 23237.) — Reargument of case originally decided by this court in May, 1944 (267 App. Div. 1008, reargument granted 268 App. Div. 835). The appeal is from a judgment of the Court of Claims which dismissed the claim to recover damages from the State of New York for the alleged arbitrary cancelation of claimant's contract, which was canceled for unreasonable delay and failure to progress the work in a proper manner. An erroneous finding was made by the Court of Claims as to delay prior to December 28, 1931, when the Comptroller of the State finally approved the contract. This court, in its statement, recited similar delay. The claimant was not required to start work until the contract had been approved. This finding was not prejudicial to claimant, as there was unreasonable delay from February until June 24, 1932, when the contract was canceled. The State engineer gave numerous warnings of unreasonable delay from February until the final seven days' notice was given on June 14, 1932, when claimant was given until June 24th to improve the progress of the work. Nothing was done until the return day, June 24th, when a further delay was requested. On numerous earlier occasions the claimant had promised to bring workmen to the job, and had failed. It was not unreasonable to refuse to grant a further extension. A new assignment of error is presented upon the reargument that necessary formalities were omitted to permit a cancelation under the contract. Documentary proof was offered upon the reargument concerning the steps which preceded the final cancelation. These documents are received in evidence and together with the original record show a substantial compliance with all requirements. (*Arc Engineering Corp.* v. *State of New York*, 293 N. Y. 819.) Judgment of the Court of Claims affirmed, without additional costs. Hill, P. J., Bliss, Brewster and Foster, JJ., concur; Heffernan, J., dissents, with the following memorandum: I dissent and vote to reverse the judgment of the Court of Claims and to grant a new trial. It is now conceded that the finding of the Court of Claims that commencement of performance of the work on December 28, 1931, constituted a delay of one month is contrary to the fact. Claimant could not be required to proceed with work under the contract prior to December 28, 1931, the date when it was approved by the

Comptroller. I am also satisfied that claimant's failure to progress the work prior to May 1, 1932, was in large measure due to the State's own default. The contract was never lawfully canceled. The engineer in charge acted capriciously and arbitrarily in his attempt to terminate this contract on June 24th. In the interests of justice claimant should have a new trial.